# UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| MARGARET McCAIN, ) | Case No. 05-50989-SCS |
| *Debtor.* ) | |
| ) | |
| MARGARET McCAIN, ) | APN 05-05038-SCS |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| EDUCATIONAL CREDIT MANAGEMENT ) | |
| CORPORATION, ) | Chapter 7 |
| ) | |
| *Defendant.* ) | |

## MEMORANDUM OPINION

This matter comes before the Court upon the Motion to Reconsider Default Judgment ("Motion to Reconsider") by the Pro Se Plaintiff, Margaret McCain. The Plaintiff filed the Motion to Reconsider on May 25, 2006. On June 1, 2006, Counsel for the Defendant filed an Objection to the Motion to Reconsider.

The procedural history of this case was set forth in the Court's Order entering judgment for the Defendant and declaring the debt to be non-dischargeable ("Order"), which was entered on May 23, 2006, following the trial in this matter. Because of the nature of the proceedings in this case, the Court will once again recite that history.

### I. PROCEDURAL HISTORY

The Plaintiff filed her Complaint to Determine Dischargeability of Debt ("Complaint") pursuant to 11 U.S.C. § 523(a)(8) of the Bankruptcy Code on July 26, 2005. The Summons and Notice of Pretrial Conference ("Summons") was issued by the Clerk's Office of this Court on August 1, 2005. The Summons noted that an answer to the Complaint was due by August 31, 2005, and that the Pretrial Conference would be held at 9:00 a.m. on October 14, 2005, at the United States Bankruptcy Court, 101 25th Street, Newport News, Virginia. The Plaintiff filed the Certificate of Service on August 19, 2005, certifying that she served the Complaint and Summons upon the Defendant on August 13,

2005.[1]  Counsel for the Defendant timely filed an Answer to the Complaint on August 24, 2005.

The Pretrial Conference was held in this matter on October 14, 2005, which both the Plaintiff and Counsel for the Defendant attended.  At the Pretrial Conference, the Plaintiff noted both her mailing address and physical address for the record.  The parties agreed to a trial date of Friday, February 3, 2006, with the trial to be held at the United States Bankruptcy Court, in Newport News, Virginia.  At that time, the Court outlined to the Plaintiff the time line for the process of conducting discovery and the importance of adhering to the deadlines established in the discovery process.  The Plaintiff noted to the Court that she was experiencing difficulty in being able to afford making photocopies.  The Court directed the Plaintiff to discuss issues that she may have regarding providing the Defendant with materials in response to discovery with Counsel for the Defendant.  The Court also iterated to the Plaintiff the deadlines for the submission of motions prior to the trial and the importance of adhering to deadlines for the submission of exhibits and witness lists.

Following the Pretrial Conference, the Court issued its Pretrial Order, which was sent to the Plaintiff and to Counsel for the Defendant.  The Pretrial Order set forth, among other details, the trial date; deadlines for compliance with the discovery process; and deadlines for the exchange and submission of exhibits and a list of witnesses between the parties and to the Court prior to trial.  The Pretrial Order also warned, "[F]ailure to comply with this Order shall result in the imposition of appropriate sanctions, including the preclusion of evidence and the entry of judgment by default."  McCain v. ECMC, Adversary Proceeding Number 05-5038, Pretrial Order, entered October 17, 2005, Docket Entry 8, at 1 (hereinafter "October 17, 2005, Pretrial Order").  The October 17, 2005, Pretrial Order also cautions, "[T]he failure to timely file exhibits, witness lists, and stipulations of fact may result in the denial of the right to present evidence at trial and the imposition of sanctions upon the parties and/or counsel."  October 17, 2005, Pretrial Order, at 2.

On January 26, 2006, approximately eight days prior to the February 3, 2006, scheduled trial date, the Plaintiff filed a Motion to Continue the trial.  In the Motion to Continue, the Plaintiff offered several reasons for requesting a continuance.  Noting her status as a Pro Se Plaintiff, she represented that while she was not an attorney, she sought to pursue her case at trial.  McCain v. ECMC, Adversary Proceeding Number 05-5038, Motion to Continue, filed January 26, 2006, Docket Entry 12, at 1.  She also stated that, "Despite the

---

[1] Federal Rule of Bankruptcy Procedure 7004(e) provides that service of a summons and complaint is to be made within 10 days after the summons is issued.  Counsel for the Defendant did not raise the issue of whether service of the Summons and Complaint was not timely made, and as noted above, did timely file an Answer on behalf of the Defendant.

2

best of intentions and efforts, due to a series of unexpected family misfortunes, plaintiff has been unable to comply with discovery and other pretrial deadlines." Motion to Continue, at 1. She went on to state that she was a single mother; had just started a new job; had recently separated from her husband; and had little opportunity during the time since the Pretrial Conference to prepare for trial. Motion to Continue, at 1-2. The Plaintiff requested that the trial be continued to a date beyond May 3, 2006, so that she could prepare for trial and comply with the applicable deadlines. Motion to Continue, at 2.

A telephonic hearing was scheduled on the Plaintiff's Motion to Continue and was conducted by the Court on January 31, 2006. During that hearing, in which both the Plaintiff and Counsel for the Defendant participated, the Plaintiff represented that she had been unable to properly and timely respond to the discovery propounded upon her by Counsel for the Defendant and had also been unable to adequately prepare for trial due to unexpected family issues, including the illness of her child and her participation in state court proceedings pertaining to the custody of her child. Counsel for the Defendant represented that he desired to continue with the discovery process and proceed to a trial on the merits of the case.

Upon consideration of the representations by the parties, the Court granted the Motion to Continue. The Court noted to the Plaintiff that the continuance of a trial date was rare, but that the Court would continue the matter since she was proceeding Pro Se. The Court warned the Plaintiff that she would not receive any further continuances of the trial date and again admonished the Plaintiff regarding the importance of adhering to the deadlines established for discovery and the submission of her exhibits and witness list. As a condition of granting the Motion to Continue, the Court ordered the Plaintiff to respond to the existing discovery requests of the Defendant no later than 5:00 p.m. on Friday, March 3, 2006. Further, Counsel for the Defendant was ordered to provide to the Plaintiff a true and accurate loan history statement no later than Friday, March 3, 2006. A new trial date of Tuesday, May 23, 2006, at 9:30 a.m. was established, with the trial to be held at the United States Bankruptcy Court, 600 Granby Street, 4th Floor, Norfolk, Virginia. The Court also extended the deadlines for discovery.

Following the hearing on the Motion to Continue, the Court issued an Amended Pretrial Order. McCain v. ECMC, Adversary Proceeding Number 05-5038, Amended Pretrial Order, entered January 31, 2006, Docket Entry 18 (hereinafter "Amended Pretrial Order"). The Amended Pretrial Order set forth the new trial date; deadlines for compliance with the discovery process; and deadlines for the exchange and submission of exhibits and a list of witnesses between the parties and to the Court prior to trial. Amended Pretrial Order, at 2. The Amended Pretrial Order contained the identical language as the original Pretrial Order that warned as to the repercussions of failure to abide by the Order and the deadlines for the submission of exhibits and witness lists. The Amended Pretrial Order was

3

likewise sent to the Plaintiff and Counsel for the Defendant.

Pursuant to the Amended Pretrial Order, the deadline for the submission of exhibits and witness list was ten days prior to trial. McCain v. ECMC, Adversary Proceeding Number 05-5038, Amended Pretrial Order, entered January 31, 2006, Docket Entry 18, at 2. The Plaintiff did not file her exhibits or a witness list by this deadline or by the time of commencement of the trial.

The trial in this matter was held in Norfolk, Virginia, on May 23, 2006. Counsel for the Defendant was present at the commencement of the trial. The Plaintiff was not present in the Courtroom at the commencement of the trial, and the Court directed the Court Security Officer who was present to inquire in the area adjacent to the Courtroom as to whether the Plaintiff was present. The Court Security Officer exited the Courtroom, and upon his return, stated to the Court that no one by the name of the Plaintiff was present. The Court noted the Plaintiff had contacted the Clerk's Office on Friday, May 19, 2006, in the early afternoon to verify that the trial would be held in Norfolk, Virginia, and that a Clerk's Office employee verified the location of the trial. The Court also noted for the record that the trial had already been continued once because of the Plaintiff's inability to timely comply with discovery deadlines. The Court further noted for the record that it had not received any exhibits or a witness list from the Plaintiff. Counsel for the Defendant represented that he had received the Plaintiff's Exhibits the previous day at approximately 6:00 p.m. Therefore, upon consideration and for the reasons stated from the bench, the Court found that judgment should be entered for the Defendant and that the debt to the Defendant should be declared non-dischargeable. On May 23, 2006, the Court entered its Order of judgment for the Defendant and declaring the debt to be non-dischargeable. *See* McCain v. ECMC, Adversary Proceeding Number 05-5038, Order Granting Judgment for the Defendant, entered May 23, 2006, Docket Entry 24.

The Plaintiff arrived after the Court adjourned. She was directed by the Courtroom Deputy that the trial had been commenced and that the Court had entered judgment for the Defendant. She was informed that she could file a Motion to Reconsider if she desired. Before leaving the courthouse, the Plaintiff filed her list of witnesses and her exhibits. *See* McCain v. ECMC, Adversary Proceeding Number 05-5038, Docket Entries 25 and 26, both filed May 23, 2006.

## II. ARGUMENTS

The Plaintiff filed her Motion to Reconsider Default Judgment ("Motion to Reconsider") on May 25, 2006. In support of the Motion to Reconsider, the Plaintiff acknowledged that her exhibits were not filed by the deadline set forth in the Pretrial Order, but that she did not want to cause confusion if she amended or otherwise supplemented an incomplete exhibit list. The Plaintiff states that she was delayed in submitting her exhibits because of a lack of funds for copying and mailing. To this extent, the Plaintiff states that she had spent at least $123.56 for supplies and copying to prepare her exhibits. McCain v. ECMC, Adversary Proceeding Number 05-5038, Motion to Reconsider Default Judgment, filed May 25, 2006, Docket Entry 28, at 2. The Plaintiff further asserts that she resumed preparation of her exhibits on May 19, 2006, after receiving her paycheck. She states that she sent, via FedEx on Saturday, May 20, 2006, "a substantially complete set of exhibits to Defendant's counsel for delivery Monday morning, and called Monday to confirm receipt." The Plaintiff represents that she incurred additional expenses of $389.90 for copying, supplies, and mailing the exhibits. *Id.*

The Plaintiff notes that on the trial date, although allowing what she deemed to be ample time to travel to the courthouse, she was delayed in traffic for twenty to thirty minutes and that she arrived at the courthouse "slightly before 9:30 a.m." She further states that she was delayed in the process of security screening because she forgot her personal identification. *Id.* at 3. According to the Plaintiff, she reached the Courtroom at 9:40 a.m. She was then informed by the Courtroom Deputy that judgment had already been entered against her. *Id.*

The Plaintiff asserts that, because of her status as a Pro Se, "she is likely responsible and likely unaware" of her errors in proceeding with her case. *Id.* She also cites certain issues she has encountered, such as taking leave from work and arranging for the care of her infant child, while preparing her case. *Id.* The Plaintiff states that she "has diligently tried to comply with all requirements of the Court, and because of her own ignorance, inexperience, inadequate resources, and other limitations, each task can take infinitely longer to complete than the Court has become accustomed to expecting from professionals." *Id.* The Plaintiff prays for the Court to vacate its previous order and to reschedule her case for trial. *Id.* at 4.

On June 2, 2006, the Plaintiff filed an Affidavit in Support of Motion to Reconsider Default Judgment ("Affidavit"). In the Affidavit, the Plaintiff states, "Though delayed at the courthouse doors and ten minutes late to the courtroom, I did appear at trial on the appointed date, and believe that my tardiness on this occasion was excusable, and not grounds for entering default judgment in favor of defendant." McCain v. ECMC, Adversary Proceeding

Number 05-5038, Affidavit in Support of Motion to Reconsider Default Judgment, filed June 2, 2006, Docket Entry 32, at 1.

On June 1, 2006, Counsel for the Defendant filed an Objection to the Motion to Reconsider. McCain v. ECMC, Adversary Proceeding Number 05-5038, Objection to Plaintiff's Motion to Reconsider, filed June 1, 2006, Docket Entry 30. Counsel for the Defendant noted that, for both the originally scheduled trial date and the second established trial date, he timely filed his witness list and exhibits. Counsel for the Defendant also reminds the Court that the Defendant consented to the continuance of the original trial date in an effort to accommodate the Plaintiff's family situation and her lack of financial resources. *Id.* at 2.

Counsel also argued that the Defendant made several concessions regarding the extent of discovery, but that the Plaintiff made no efforts or attempts to further limit her discovery responses, nor is there any indication that the Plaintiff looked into any available pro bono programs to assist her with the litigation. *Id.* With regard to the day of trial, Counsel for the Defendant argues that the Plaintiff made no effort to contact the Court regarding the problems she encountered with traffic or the delay she experienced when entering the courthouse. *Id.* at 3.

The Defendant argues that the Plaintiff has not set forth sufficient cause for the Court to afford her the relief she requests under the standard established in either Rules 55 or 60 of the Federal Rules of Civil Procedure. Specifically, Counsel argued that the Plaintiff's failure to timely appear for trial does not show sufficient mistake, inadvertence, surprise, or excusable neglect. Counsel for the Defendant also points out that even had the Plaintiff timely appeared at trial, she had still failed to timely file her exhibits and witness list as required by the Court's Amended Pretrial Order, and that the Defendant would have objected to the Plaintiff introducing the exhibits or testifying at trial. *Id.*

Finally, Counsel for the Defendant asserts that the Plaintiff appears to believe that "she should be afforded greater rights than parties represented by counsel or that the Rules should not be enforced as to her as a pro se party." Counsel argues that the Court should apply the rules fairly and equally as to all parties, regardless of whether they are represented by counsel. Further, he argues that the Defendant has incurred significant expense in preparing for trial and would be prejudiced if the Defendant had to incur further costs for attending another trial if the Plaintiff's Motion to Reconsider was granted. To this extent, Counsel for the Defendant points out that he traveled from Rockville, Maryland, on the morning of trial to attend the proceedings. *Id.* at 3-4.

## III. CONCLUSIONS OF LAW

Rule 55 of the Federal Rules of Civil Procedure is incorporated into the Federal Rules of Bankruptcy Procedure in Rule 7055. Rule 55(c) states that a court "[f]or good cause shown . . . may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civil Proc. 55(c). Under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60, a party may be granted relief from a judgment or order either for clerical mistakes (Fed. R. Civil Proc. 60(a)); or "mistake, inadvertence, surprise, or excusable neglect" (Fed. R. Civil Proc. 60(b)(1)); newly discovered evidence (Fed. R. Civil Proc. 60(b)(2)); "fraud . . ., misrepresentation, or other misconduct of an adverse party" (Fed. R. Civil Proc. 60(b)(3)); "the judgment is void," (Fed. R. Civil Proc. 60(b)(4)); "the judgment has been satisfied, released, or discharged," (Fed. R. Civil Proc. 60(b)(5)); or "any other reason justifying relief from the operation of the judgment" (Fed. R. Civil Proc. 60(b)(6)).

At the threshold, the moving party must act in a timely fashion; demonstrate that the non-moving party would not be prejudiced by the relief requested; and offer to the Court a meritorious defense. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988) (citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987)). Further, while there is a "manifest preference for trials on the merits," courts must balance this preference with the "interests in finality and repose." *United States v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982); *see also Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997) ("[D]efault judgments pit the court's strong preference for deciding cases on the merits against countervailing interests in finality and in preserving the court's ability to control its docket."). Additionally, courts should consider whether the party has a history of dilatory action and whether a less drastic sanction is available. *Moradi*, 673 F.2d at 728.

As to the prejudice factor, this element is sometimes regarded with less importance than the factors addressing timeliness in filing a motion under Rule 60 and whether a meritorious defense has been demonstrated. *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993); *see also Augusta Fiberglass Coatings*, 843 F.2d at 812 ("[W]e perceive no disadvantage to [the non-moving party] beyond that suffered by any party which loses a quick victory."). At least one court has found that a non-moving party suffers prejudice to the extent that it incurs attorney fees in the process of preparing for hearings or trials prior to the entry of the default judgment and in responding to a motion to set aside a default judgment. That court conditioned the vacation of a default judgment upon the moving party reimbursing the non-moving party for its attorney fees. *See McCullough v. I.P., L.L.C. (In re Trexler)*, 295 B.R. 573, 579 (Bankr. D.S.C. 2003), *affirmed in part and reversed in part on other grounds*, No. Civ. A. 3:03-3181-10, 2004 WL 1474660 (D.S.C.

Apr. 15, 2004) (unpublished decision).

A meritorious defense "requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings*, 843 F.2d at 812. In other words, the moving party is required to show that the outcome after a trial on the merits would be different than that result achieved by the default. *Id.* To be sure:

> [I]t is not necessary for the moving party to establish that it will prevail on the merits of the defenses raised; all that is necessary is that the moving party make a proffer of evidence which would permit a finding in his or her favor. A proffer of evidence requires more than a mere claim of a defense; rather, it involves the assertion of facts or law by testimony or affidavit, on which the defense is based.

*In re Trexler*, 295 B.R. at 578.

If these threshold requirements are met, the Court must then determine whether the Plaintiff has met her burden under Rule 60(b). *See id.* at 577 ("Once the [threshold requirements] have been met, the moving party must next satisfy one of the six grounds for relief set forth in Rule 60(b)."). At the outset, the Court finds that the Plaintiff in the instant matter does not allege any basis for reconsideration that could be construed as moving for reconsideration due to a clerical mistake under Federal Rule of Civil Procedure 60(a), nor does she appear to allege any basis for reconsideration that could be construed as requests for relief under either Rules 60(b)(2), (b)(3), (b)(4), or (b)(5). Thus, if the Plaintiff satisfies her threshold burden, the Court must then determine whether the Plaintiff has met her burden under Rule 60(b)(1) or Rule 60(b)(6) of the Federal Rules of Civil Procedure.

Granting judgment by default is an extraordinary remedy, such that "'any doubt as to the propriety of giving relief must be resolved in the movant's favor when the movant bears no personal responsibility for the error which led to the default.'" *Point PCS, LLC v. Sea Haven Realty & Constr.*, 95 Fed. Appx. 24, 27 (4th Cir. 2004) (unpublished) (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988)). To this extent, the Fourth Circuit Court of Appeals has established two analytical approaches for examining cases under Rule 60(b) where a default judgment has been entered: "(1) those that involve a blameless party and a blameworthy attorney, and (2) those that involve a blameworthy party." *Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997). As to the former, the Fourth Circuit has stated that where the attorney is at fault and the party is blameless, the court's interest in reaching the merits of the case should prevail, and a

default judgment should ordinarily be set aside. However, in those instances in which the party is at fault, a stricter analysis rightly applies, such that the court's interest in finality and efficiency takes precedence, and "the party must adequately defend its conduct in order to show excusable neglect." *Id.* (citing *Augusta Fiberglass Coatings*, 843 F.2d at 811).

Rule 60(b)(1) permits relief from judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect. The United States Supreme Court has articulated four elements to be considered in determining whether excusable neglect has been shown: "(1) danger of prejudice to the [non-movant]; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).[2] However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable 'neglect.'" *Id.* at 392. Under the standard established by the Fourth Circuit, because the Plaintiff's actions caused the default judgment to be entered against her, she "must adequately defend [her] conduct in order to show excusable neglect." *Heyman*, 116 F.3d at 94 (citing *Augusta Fiberglass Coatings*, 843 F.2d at 811). Further, regarding the first three grounds under Rule 60(b)(1), the moving party must establish why he or she was justified in failing to avoid the mistake, inadvertence, or surprise. *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 60 F.3d 823 (4th Cir. 1995) (unpublished table decision); *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987).

Under Rule 60(b)(6), a party may be granted relief from judgment for "any other reason justifying relief from the operation of the judgment." This provision has been described as the "catch-all provision," as it provides courts with a source of equitable power where the situation so warrants. *Plogger v. IMC Mortgage Co. (In re Plogger)*, 240 B.R. 243, 247 (Bankr. W.D. Va. 1999). Courts have generally held the movant must demonstrate "extraordinary circumstances" for a court to grant relief under this provision. *Liljeberg v. Health Servs. Acquisition Corp.* 486 U.S. 847, 864 fn.11 (1988) (citing *Klapprott v. United States*, 335 U.S. 601, 613 (1949)).

Rule 59 of the Federal Rules of Civil Procedure is incorporated into the Federal Rules of Bankruptcy Procedure in Rule 9023. Rule 59 addresses new trials and amendment of judgments. Under Rule 59(a), a new trial may be held "for any of the reasons for which

---

[2] The Fourth Circuit Court of Appeals has adopted the factors for excusable neglect set forth by the Supreme Court in *Pioneer Investment Services*, which interpreted excusable neglect in the context of Federal Rule of Bankruptcy Procedure 9006(b)(1), to be generally applicable to determinations of excusable neglect in other contexts. *See Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996).

9

rehearings have heretofore been granted in suits in equity in the courts of the United States." Such motions must be filed no later than 10 days after entry of the judgment. Fed. R. Civil Proc. 59(a), (e). The Fourth Circuit Court of Appeals has held that, under Rule 59, a new trial may be granted: (1) if there are intervening changes in the law; (2) if new evidence has been discovered that was not available at trial; or (3) to correct a clear error of law or prevent a miscarriage of justice. *E.E.O.C. v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997).

The court in *In re Plogger* discussed whether Rule 59 should be applied when considering a motion to set aside default judgment. The court there decided that Rule 60, not Rule 59, contains the proper standard under which to decide a motion to set aside or reconsider a motion for default judgment, and that the moving party could not avoid the more stringent standards set forth in Rule 60(b) by moving for a new trial under Rule 59. *In re Plogger*, 240 B.R. at 245. This court agrees with the assessment by the Court in *Plogger*, and in so finding, the Court will address the Plaintiff's Motion to Reconsider only under the standard iterated in Rule 60(b). *See also In re Dorsett*, No. Civ. A. 99-04798/D, 1999 WL 33486072, at *1 (Bankr. D.S.C. Sept. 8, 1999) (where debtors sought reconsideration under both Rule 59 and Rule 60, the court based its conclusions upon the standard set forth under Rule 60(b) and the applicable case law). Even if the Court were to consider the Plaintiff's Motion under Rule 59, the Court would find that reasons set forth in the Plaintiff's Motion to Reconsider cannot be construed as a circumstance under the standards established for determining a motion under Rule 59 in the Fourth Circuit.

Upon consideration of the pleadings and arguments set forth therein and the applicable law, the Court finds that the Motion to Reconsider should be denied. At the outset, the Court notes that the Plaintiff timely filed her Motion to Reconsider, as the Motion was filed two days after the Court's entered its Order awarding judgment to the Defendant. Rule 60(b) requires that a movant file her motion within one year after entry of judgment when the movant is relying upon Rule 60(b)(1) as her grounds for relief from judgment. Thus, the Plaintiff timely filed her Motion.

The Plaintiff has failed, however, to show that the Defendant would not be prejudiced if the Court were to grant her Motion. Counsel for the Defendant prepared not once, but twice for the trial in this case. He submitted his exhibits and witness lists to the Court in ample time for the Court to review, and duly submitted the same to the Plaintiff. Counsel for the Defendant expended time traveling from Maryland to Norfolk, Virginia, to attend the trial. While it is certain that the Defendant, as a corporate entity, has more funds to expend than does the Plaintiff, the Defendant just as certainly should not be made to prepare multiple times for a trial because of the Plaintiff's repetitive instances of dilatory behavior.

Even if little weight is afforded to the element of prejudice to the non-moving party, the Plaintiff has also failed to proffer a meritorious defense, and thus cannot meet the threshold requirements to obtain relief from judgment. To this extent, the Plaintiff merely states in her Motion that the original loan amount was an aggregate amount of $10,250.00; that she has made payments on the loans over the course of eighteen years totaling $15,690.50, but that the Defendant claims that she still owes $10,747.37 plus interest on the student loans. McCain v. ECMC, Adversary Proceeding Number 05-5038, Motion to Reconsider Default Judgment, filed May 25, 2006, Docket Entry 28, at 3. Finally, the Plaintiff states that she "seeks discharge from all remaining school loan debt based on undue hardship and unconscionability." *Id.* at 4. While the Plaintiff's statements may very well represent facts that may have been adduced at a trial on the merits, and her final statement a partial recitation of what a court must find in order to discharge student loans under 11 U.S.C. § 523(a)(8), such statements do not rise to the level of serving as a meritorious defense. Thus, the Court finds that the Plaintiff is not entitled to relief from judgment.

Even if the Court had found that the Plaintiff met the threshold burden, the Court would have found that the Plaintiff still failed to satisfy the requirements set forth under Rule 60(b). The Court finds that the stricter analysis commanded by the Fourth Circuit must be employed here, as this matter does not involve a "blameworthy attorney," but rather, a "blameworthy party"; thus, the Court must place its interests in finality and efficiency at the forefront, and the Plaintiff must show that her conduct is adequately defensible to show excusable neglect. *See Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997).

The Court finds that the Plaintiff's reasons for seeking relief from judgment do not rise to the level such that the Court should find excusable neglect on the part of the Plaintiff and vacate its earlier order. The issue of prejudice to the Defendant has been addressed above. As to the length of delay and its potential impact, the Court finds that the trial in this matter was already continued once at the request of the Plaintiff. The Court has assigned two different dates for the trial on the Plaintiff's Complaint over the course of the last eleven months (the Plaintiff's Complaint having been filed on July 26, 2005). The first date was set almost four months after the initial pretrial conference, on a date agreed to by the Plaintiff. The second trial date was set more than three months after the first date, past the time frame which the Plaintiff had requested in her Motion to Continue, to allow the Plaintiff more than ample additional time to prepare for her case. When the Plaintiff contacted the Court two business days prior to the trial date, a Clerk's Office employee verified the location of the trial. Despite the Court's indulgence and efforts to accommodate the Plaintiff regarding the trial date, the Plaintiff, after having more than seven months to prepare for trial, was still unable to timely submit her exhibits and witness list and to arrive at the courthouse in a timely fashion to appear at her trial. The Court is also mindful of the fact that, despite the Plaintiff requesting a continuance of the first trial date, she was still unable to comply with

11

the deadlines set forth in the Court's Amended Pretrial Order.

Further, the Court also finds that the reasons the Plaintiff offers for the delay in proceedings were circumstances that were within the reasonable control of the Plaintiff. The Plaintiff states that, while she believed she allowed ample time to travel to the courthouse, she was delayed in traffic, then only to forget her personal identification. It is important to note that identification is required for entry into this and a majority of other Federal courthouses across the country. Despite these delays, the Plaintiff made no attempt to communicate these circumstances to the Court, even though she certainly knew how to contact the Clerk's Office, as demonstrated two days prior to trial. While the Plaintiff asserts that her failure to appear at the appointed time for trial should be excused, the Plaintiff also ignores her record of failing to perform required tasks in this proceeding in a timely fashion.

Finally, the Court must consider whether the Plaintiff acted in good faith. Despite the Plaintiff's statements that she has diligently attempted to comply with the Court's requirements, her actions fall short of demonstrating the validity of that statement. At the initial pretrial conference, the Court outlined to the Plaintiff, as is its custom in all adversary proceedings where a Pro Se party is involved, the time line for the process of conducting discovery and the importance of adhering to the deadlines established both in the discovery process and for the submission of documents and exhibits prior to trial. This Court reluctantly granted the Plaintiff's Motion to Continue on January 31, 2006, despite the fact that the Plaintiff filed it less than ten days before the scheduled trial date, based in part upon the Plaintiff's Pro Se status. At that time, the Court cautioned the Plaintiff that continuances of trial dates were rare. The Court admonished the Plaintiff again at that time regarding the importance of adhering to the deadlines established for discovery and the submission of exhibits and witness lists. The Court promptly sent a copy of both the October 17, 2005, Pretrial Order and the Amended Pretrial Order, which was entered on January 31, 2006, to the Plaintiff following the initial pretrial conference and the telephonic hearing on the Plaintiff's Motion to Continue, respectfully. These Orders clearly and unambiguously set forth the deadlines for submission of exhibits and witness lists, as well as the trial dates and the time for commencement of the trial. "Dilatory tactics such as 'stalling and ignoring direct order of the court . . . must obviously be deterred.'" *Taylor v. Fresh Fields Mkts., Inc.*, No. Civ. A. 94-0055-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (unreported decision) (quoting *Mutual Fed. Sav. & Loan Assoc. v. Richards & Assocs.*, 872 F.2d 88, 93 (4th Cir. 1989)). Thus, the Court cannot allow any lesser sanction than to allow the entry of the default judgment to stand, as the Court cannot reward the Plaintiff's actions and thereby encourage others to disregard procedural requirements. *Wyche v. Virginia State Univ.*, No. Civ. A. 3:04CV766, 2005 WL 1126829, at *2 (E.D. Va. May 12, 2005) (citing *Taylor*, 1996 WL 403787, at *2).

While it would be improper to rule upon whether the Court would have excluded the Plaintiff's exhibits and/or testimony, the Court would be remiss if it did not reiterate that the Plaintiff has demonstrated a consistent inability to comply with the Court's orders regarding timely filing of documents with the Court and with opposing counsel (with the exception of the motion currently before the Court), despite the Court's repeated verbal cautions and written admonitions contained in the October 17, 2005, Pretrial Order and Amended Pretrial Order. As stated by Counsel for the Defendant when the trial commenced on May 23, 2006, he did not receive the exhibits from the Plaintiff until 6:00 p.m. on the eve of trial. The exhibits were not filed with the Court until *after* the time appointed for trial.

Therefore, the Court finds that the Plaintiff has failed to establish that excusable neglect exists such that she should be granted relief from judgment. For the same reasons that the Plaintiff has failed to meet her burden as to excusable neglect, the Court finds that the Plaintiff has also failed to show mistake, inadvertence, or surprise. The Plaintiff has not articulated any reason that may have caused her to arrive at the courthouse after the commencement of the trial that justifies granting relief based upon mistake, inadvertence, or surprise. The Plaintiff's actions in failing to punctually arrive at trial and to timely file exhibits are simply characteristic of her approach to the litigation of this matter.

Finally, the Court finds that the reasons offered by the Plaintiff also do not warrant granting relief from judgment under Rule 60(b)(6). The Plaintiff asserts that her status as a Pro Se litigant should afford her additional leniency. While it is true that the United States Supreme Court has instructed that courts should afford some leniency regarding pleadings filed by pro se litigants, the Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see also Baran v. Schram (In re Schram)*, Nos. 00-A-00607, 00-B-10045, 2001 WL 837927, at *3 (Bankr. N.D. Ill. July 24, 2001) ("'Although civil litigants who represent themselves ('pro se') benefit from various procedural protections not otherwise afforded to attorney represented litigant[s] . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines.'") (quoting *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994)). "Ignorance or carelessness on the part of the litigant or his attorney will not allow a party to prevail on a motion for relief under Rule 60(b)(1)." *In re Schram*, 2001 WL 837927, at *3.

While the Court certainly recognizes that undertaking the task of litigating a matter as a Pro Se litigant is sometimes difficult, this Court also must maintain the integrity of the system as a whole, including the timely disposition and decision of cases on its docket. The Court must also consistently and fairly apply the Court's rules to all parties, whether they are pro se or represented by counsel. If an individual chooses to pursue litigation as a pro se, that

person has a responsibility to apprise themselves of the rules and requirements of the Court. It is regrettable that the Plaintiff's interest in promptly litigating her matter has come at such a late hour.

Accordingly, the Court concludes that the Plaintiff has failed to sustain her burden that the Court's Order Granting Judgment for the Defendant should be vacated. Thus, the Court's previous order will stand as entered.

A separate order will issue.

The Clerk shall mail a copy of this Order to the Plaintiff and to Counsel for the Defendant.

Entered: **June 21, 2006, at Norfolk, Virginia.**

STEPHEN C. ST. JOHN
United States Bankruptcy Judge

NOTICE OF JUDGMENT OR ORDER
Entered on docket
June 21, 2006

14